I respectfully dissent. Whatever rights Lee may claim under the contract — monetary rights, arbitration rights, or other rights — depend entirely on her claim that Hemingway was her agent. If he was her agent, then she, acting by and through him as her agent, chose and invoked court litigation instead of arbitration and thereby waived any arbitration right by filing and prosecuting the lawsuit. If Hemingway was Lee's agent, then the lawsuit to collect from the defendants is her own lawsuit, and Hemingway's litigation is Lee's litigation. Indeed, in her verified "Substitution of Parties and Amended and Restated Complaint," she swears that she authorized Hemingway to file the lawsuit. (C. 122.)
I further disagree with the main opinion insofar as the first sentence of Part II can be interpreted as meaning that the denial of a motion to compel mediation alone pursuant to a contract requiring only mediation would be reviewable by appeal. This language is overbroad and unnecessary to the decision in this case, which addresses a contract requiring both mediation and arbitration conjunctively.
LYONS and ENGLAND, JJ., concur. *Page 1030